Filed 8/2/23  P. v. Parker CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F085006 |
| Plaintiff and Respondent, | (Super. Ct. No. SUF23393B) |
| v. | |
| DAVID DUANE PARKER, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from an order of the Superior Court of Merced County.  Jennifer O. Trimble, Judge.

Aaron J. Schechter, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Christopher J. Rench and Kelly E. LeBel, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Peña, Acting P. J., Meehan, J. and Snauffer, J.

Defendant David Duane Parker appeals from the denial of his petition for resentencing made pursuant to Penal Code,[1] section 1172.6. Briefs submitted in this case show the parties agree the Supreme Court decision in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*) requires a reversal of the order denying the section 1172.6 petition and a remand of the matter for further proceedings. We also agree.

## PROCEDURAL SUMMARY

In March 2000, defendant was found guilty by a jury of committing first degree murder (§ 187, subd. (a)(1)), kidnapping for the purpose of committing a robbery (§ 209, subd. (b)), carjacking (§ 215), and robbery (§ 211), all felonies. The jury also found true three special circumstances connected to the first degree murder charge, alleging the murder was committed during a robbery, kidnapping, or carjacking, or an attempt to commit one of those crimes. (§ 190.2 subd. (a)(17)(A), (B), (L).) Defendant ultimately received a sentence of life without the possibility of parole for the first degree murder conviction. The sentences for the remaining counts were then imposed, but stayed pursuant to section 654.

In response to later legislative changes impacting the definition of felony murder, defendant filed a petition for writ of habeas corpus in the trial court in February 2020, asking to be resentenced on the first degree murder conviction. In March 2020, the court denied the petition, concluding defendant failed to make a prima facie case for relief. Defendant then submitted a petition for writ of habeas corpus to this court citing the Supreme Court opinions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, as providing grounds for reconsideration of his sentence for first degree murder. This court denied defendant's request for a writ on May 21, 2020, with the following language:

---

[1] All further statutory references are to the Penal Code.

"The 'Petition for Writ of Habeas Corpus,' filed on April 8, 2020, is denied. This court takes judicial notice petitioner's appellate decision in case No. F035834 (*People v. Parker* (Feb. 21, 2002) [nonpub. opn.]). Considering the facts of petitioner's crimes, any rational trier of fact could have found the essential elements of the special allegations true beyond a reasonable doubt. (*People v. Clark* (2016) 63 Cal.4th 522; *People v. Banks* (2015) 61 Cal.4th 788.)" (*People v. Parker* (May 21, 2020, F081035 [nonpub. order].)

Following the publication of the Supreme Court opinion in *Strong*, defendant filed a new section 1172.6 petition in April 2022. A hearing was held on the petition on September 21, 2022. During the hearing, the prosecutor agreed with defense counsel that due to the recent Supreme Court opinion in *Strong*, the jury's true findings on the carjacking, kidnapping, and robbery-murder special circumstances did not preclude appellant from relief because their findings predated other relevant case law cited by the Supreme Court. Despite this argument by the prosecution, the trial court ruled defendant failed to make a prima facie case due to his record of conviction, which showed he could still be convicted of murder as a major participant who acted with reckless indifference for human life. When issuing its ruling, the court cited this court's 2020 denial of defendant's petition for writ of habeas corpus, stating the special-circumstance findings made defendant ineligible for relief.

This appeal followed.

## **DISCUSSION**

### I. Applicable Law

On September 30, 2018, the Governor signed Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), which became effective on January 1, 2019. Senate Bill 1437 "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."

3

(Stats. 2018, ch. 1015, § 1, subd. (f).)  It amended section 188, which defines malice, and section 189, which defines the degrees of murder to address felony-murder liability. (Stats. 2018, ch. 1015, §§ 2–3.)  As a result, section 188 now provides:

> "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime."  (§ 188, subd. (a)(3).)

The change reflects the Legislature's intent that "[a] person's culpability for murder must be premised upon that person's own actions and subjective mens rea."  (Stats. 2018, ch. 1015, § 1, subd. (g).)  Of relevance here, section 189 previously stated:  "All murder … which is committed in the perpetration of, or attempt to perpetrate, arson, rape, carjacking, robbery, burglary, mayhem, kidnapping, train wrecking, or any act punishable under Section 206, 286, 288, 288a, or 289, or any murder which is perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person outside of the vehicle with the intent to inflict death, is murder of the first degree."  Senate Bill 1437 amended section 189 to add subdivision (e), which provides:

> "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven:  [¶]  (1) The person was the actual killer. [¶]  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."  (§ 189, subd. (e).)

Finally, Senate Bill 1437 added former section 1170.95, now renumbered as section 1172.6,[2] providing a procedure for persons convicted of felony murder to seek

---

**2**     Effective June 30, 2022, the Legislature renumbered then-effective section 1170.95 to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the statute at that time, although prior changes had been implemented

4

vacatur of the conviction and resentencing.  (§ 1172.6, subd. (a); accord,

*People v. Gentile* (2020) 10 Cal.5th 830, 853 [recently discussed in *People v. Wilson* (2023) 14 Cal.5th 839, acknowledging a legislative amendment to § 1172.6, adding subd. (g), which now permits these challenges in appeals that are not yet final].)  Under section 1172.6, an offender seeking resentencing must first file a petition in the sentencing court, and the sentencing court must determine whether the petitioner has made a prima facie showing that he or she is entitled to relief.  (§ 1172.6, subds. (a)–(c).)  If the sentencing court determines the petitioner has made such a showing, the court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction.  (§ 1172.6, subds. (c), (d)(1).)  At the evidentiary hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder … as amended by the changes to Section 188 or 189 made effective January 1, 2019."  (§ 1172.6, subd. (d)(3).)  To demonstrate prejudice from the denial of a section 1172.6 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing.  (*People v. Lewis* (2021) 11 Cal.5th 952, 972–974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

In 2022, the Supreme Court published its opinion in *Strong*, resolving a dispute among the various appellate courts by holding a special-circumstance finding entered pursuant to section 190.2, subdivision (a)(17) prior to the court's decisions in *Banks* and *Clark*, does not preclude a section 1172.6 petitioner from making a prima facie case for relief.  (*Strong*, *supra*, 13 Cal.5th at p. 703.)  The *Strong* court reasoned that *Banks* and *Clark* "substantially clarified the law" regarding "what it means to be a major participant and … to act with reckless indifference to human life."  (*Strong*, at pp. 706–707.)  The

effective January 1, 2022.  There is no dispute in this case that turns on any of these changes.  For purposes of clarity, we refer to the relevant statute as section 1172.6.

opinion in *Strong* was published after this court's denial of defendant's writ of habeas corpus filed in May 2020.

## II. Analysis

Defendant argues he made a prima facie claim for resentencing and the court erred in relying on the jury's findings on the special circumstances to deny his petition at the prima facie stage. The People in their responsive brief agree with this conclusion, as do we. *Strong* is dispositive here. Specifically, the special-circumstance findings were made before *Banks* and *Clark* and therefore, are not dispositive on a prima facie review of the petition under section 1172.6. (*Strong*, *supra*, 13 Cal.5th at p. 703.) The petition was facially sufficient and alleged the essential facts necessary for relief under section 1172.6.

Because the People have presented no other grounds to deny the petition at the prima facie stage, the order denying the petition must be reversed, and the matter remanded with directions to issue an order to show cause and, to the extent necessary, to conduct an evidentiary hearing under subdivision (d) of section 1172.6. We express no opinion on the ultimate resolution of the petition.

## DISPOSITION

The order issued on September 21, 2022, denying defendant's petition is reversed, and the matter remanded with directions to issue an order to show cause and, to the extent necessary, to hold an evidentiary hearing pursuant to section 1172.6, subdivision (d).